# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
## HARRISBURG DIVISION

| | | |
|---|---|---|
| PRO MED CONSULTING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: _____ |
| | ) | (Jury Demand) |
| ADVANCED SOLUTION, LLC; | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COME NOW PRO MED CONSULTING, INC., Plaintiff, in an action for money damages, treble damages, punitive damages, and a declaratory judgment for Defendant's material breach. Plaintiff respectfully requests trial by jury. Plaintiff alleges as follows:

### I.  PARTIES

1.1    Plaintiff PRO MED CONSULTING, INC. (hereinafter referred to as "PRO MED") is a corporation formed in the State of Georgia with a principal office address of 1107 Magnolia Circle, Jonesboro, GA 30236.

1.2    Defendant ADVANCED SOLUTION, LLC (hereinafter referred to as "ADVANCED SOLUTION") is a Pennsylvania limited liability company with a principal office of 1 N. Hanover Street, Carlisle, PA 17013. Defendant may be served with process at its registered office of 1 N. Hanover Street, Carlisle, PA 17013.

## II.  JURISDICTION & VENUE

2.1      The district court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a). The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs. Plaintiff, PRO MED, is a Georgia corporation. Defendant, ADVANCED SOLUTION, is a Pennsylvania limited liability company.

2.2      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because ADVANCED SOLUTION operates, resides and has its principal place of business in this District, and a substantial part of the events or omissions giving rise to the claims occurred in this District. Venue is further proper in this District pursuant to 18 U.S.C. § 1965(a) because each defendant is found and/or transacts its affairs in this District.

## III. BACKGROUND

3.1      On or about April 11, 2023, Plaintiff, PRO MED, signed a valid and binding Independent Contractor Agreement with Defendant, ADVANCED SOLUTION, to serve as a traveling salesman to market and facilitate sales of wound care materials.

3.2      Defendant, ADVANCED SOLUTION, operated as a referral source and distributor for the wound care material manufacturers for a third party.

3.3      The agreed upon and fully executed Independent Contractor Agreement outlined a percentage of all Plaintiff direct sales of wound care materials as compensation for services rendered by Plaintiff.

3.4      The agreed upon and fully executed Independent Contractor Agreement outlined a percentage of all Plaintiff direct sales of wound care materials as compensation for services rendered by Plaintiff.

3.5    In accordance with the valid and binding Independent Contractor Agreement, the compensation paid by Defendant, ADVANCED SOLUTION, to Plaintiff, PRO MED, was due fourteen (14) days after receipt of payment from customers. This is commonly referred to as a "pay when paid" relationship.

3.6    Plaintiff, PRO MED, performed all its duties under the Independent Contractor Agreement and facilitated the sale of over five million dollars ($5,000,000.00) dollars' worth of wound care materials to medical professionals in Georgia and Texas during the term of the contract.

3.7    Defendant, ADVANCED SOLUTION, was paid for the services rendered by Plaintiff, PRO MED. These payments to Defendant, ADVANCED SOLUTION, were made between April 11, 2023, and December 14, 2023. Of note, the exact date of the payments to ADVANCED SOLUTION is easily determinable through the discovery process.

3.8    Defendant, ADVANCED SOLUTION, made four payments for services rendered to Plaintiff, PRO MED, representing roughly 15% of the total compensation due. These payments took place on (1) August 25, 2023, (2) September 8, 2023, (3) September 22, 2023, and (4) October 20, 2023.

3.9    Defendant, ADVANCED SOLUTION, failed to fully compensate Plaintiff, PRO MED, and failed to meet the compensation terms of the Independent Contractor Agreement.

3.10   Defendant, ADVANCED SOLUTION, terminated the Independent Contractor Agreement with Plaintiff, PRO MED, on December 14, 2023.

3.11   Outstanding compensation is still due to Plaintiff, PRO MED, for services rendered during the term of the contract.

## IV.  FIRST CLAIM FOR RELIEF
## BREACH OF CONTRACT

4.1    Plaintiff realleges paragraphs 1.1 through 3.11 above and incorporates them by reference as if fully set forth herein.

4.2    Plaintiff has fulfilled all of its obligations under the Independent Contractor Agreement and is not in breach of any contract or agreement with any Defendant.

4.3    The written Independent Contract Agreement that included an offer and acceptance, consideration in the form of compensation, was fully executed and signed by a legally authorized competent representatives from both Plaintiff and Defendant, ADVANCED SOLUTION.

4.4    Defendant, ADVANCED SOLUTION, has materially breached the Independent Contractor agreement by failing to make timely payments.

4.5    As a direct and proximate result of Defendant's, ADVANCED SOLUTION, breach of contract, Plaintiff has suffered and continues to suffer damages in an amount to be determined at trial and currently exceeds $1,200,000.00, accruing additional interest monthly until fully paid.

## V.  SECOND CLAIM FOR RELIEF
## UNJUST ENRICHMENT

5.1    Plaintiff realleges paragraphs 1.1 through 4.5 above and incorporates them by reference as if fully set forth herein.

5.2    During the term of the contract, Plaintiff fully satisfied its obligations as outlined in the Independent Contractor Agreement and provided a benefit to Defendant, ADVANCED SOLUTION.

5.3    Due to Plaintiff's traveling salesmen services, Defendant, ADVANCED SOLUTION, received and retained valuable consideration, to include money, from purchasers.

5.4    Instead of compensating Plaintiff for services rendered, Defendant, ADVANCED SOLUTION distributed cash to entity owners and third parties.

5.5    By diverting Plaintiff compensation to alternative recipients, Defendant, ADVANCED SOLUTION, have received an unjust benefit that was not bargained for nor negotiated.

5.6    As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer damages in an amount to be determined at trial.

## VI.  THIRD CLAIM FOR RELIEF
### DECLARATORY JUDGMENT

6.1    Plaintiff realleges paragraphs 1.1 through 5.6 above and incorporates them by reference as if fully set forth herein.

6.2    There is a substantial controversy and dispute between the parties having adverse legal interests of sufficient immediacy to warrant the issuance of a declaratory judgment.

6.3    Under the Declaratory Judgment Act, 28 U.S.C. § § 2201, 2202, the dispute between Plaintiff and Defendants is a controversy appropriate for declaratory judgement.

6.4    Plaintiff has fulfilled all its obligations under the Independent Contractor Agreement and, therefore, is not in breach of any contract nor agreement with Defendants.

6.5    Defendant, ADVANCED SOLUTION, has provided notice to Plaintiff that it considers itself excused from performing its obligations under the Independent Contractor Agreement, including its obligation to timely make full payment for services.

6.6    A declaratory judgment that the Independent Contractor Agreement remains in full force and effect and that no "late payment" from medical professionals' excuse Defendant from ongoing performance of all contract obligations will prevent the necessity of multiple successive lawsuits to recover timely payments from Defendant.

## VII.      PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests this Court issue citation to Defendant to answer, and upon a trial by jury of this matter, enter a joint and several judgment against the above-named Defendant for compensatory damages in an amount in excess of $75,000, punitive damages, treble damages, together with pre- and post- judgment interest, attorneys' fees, costs, a declaratory judgment, and such other and further relief as the Court deems just and equitable. Plaintiff further requests this Court to grant Plaintiff's pleas of breach of contract, fraudulent concealment, civil conspiracy, conversion, unjust enrichment, and promissory estoppel.

Respectfully submitted,

*Attorneys for Plaintiff*

Cunningham, Chernicoff, & Warshawsky, PC

By: /s/  Joseph M. Kanfer
Joseph M. Kanfer
PA Attorney I.D. No. 306558
2320 North Second Street
P.O. Box 60457
Harrisburg, PA 17106
(717) 238-6570
jkanfer@cclawpc.com

/s/ Clifton Kyle
Clifton Kyle
LA Attorney I.D. No. 34314
Pro Hac Vice Pending
4298 Elysian Fields Avenue
Suite B
New Orleans, LA 70122
(504) 535-5730
cckyle@kylelawgroup.com